UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No. 3:22-mj-3-HTC

MICHAEL S. MOORE,

    Defendant.
_____/

**ORDER OF DETENTION**

    Defendant is charged in an information with two counts of misdemeanor theft of government property. Although the information was filed in January 2022, Defendant did not come before the Court for his initial appearance until December 19, 2023, because that is when he was arrested on the outstanding warrant for failing to appear which was issued in February 2022.

    At Defendant's initial appearance, the Government moved for detention under 18 U.S.C. § 3142(f)(2)(A), arguing Defendant was a risk of nonappearance. After holding an immediate detention hearing, and for the reasons set forth below, the Court agrees.

**I.**    **Legal Standard**

    Pretrial detention is governed by the Bail Reform Act ("the Act"), as codified in 18 U.S.C. § 3141 *et seq*. Generally, misdemeanor cases do not qualify for detention because they do not fall under one of the more serious offenses identified

1

by the legislature in § 3142(f)(1).[1]  However, even when an offense does not fall under subsection 3142(f)(1), a court on its own motion or by motion of the government may seek to detain a defendant "in a case that involves a (A) a serious risk that the person will flee; or (B) a serious risk that the person will obstruct or attempt to obstruct justice." 18 U.S.C. § 3142(f)(2).

The Act lists the factors a court must consider when deciding whether to release or detain a defendant. 18 U.S.C. § 3142(g). Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant]'s release." *Id*.

**II.   Analysis**

In considering those factors here, the Court finds the government has established by a preponderance of the evidence that Defendant is a risk of flight. As stated above, Defendant has been charged with two counts of misdemeanor theft of property. Thus, the first factor, nature of that offense does not weigh in favor of detention.

---

[1] Nonetheless, even when one of those offenses are not at issue the Act makes clear that the court shall impose such conditions of release on a defendant as necessary for the court to be reasonably assured that defendant is not a risk of non-appearance or a danger to the community or other person. 18 U.S.C. § 3142(c).

The second factor, the weight of the evidence, however, does weigh in favor of detention. In this case, the government alleges that Defendant stole stimulus checks belonging to other persons. The government proffered that it has video evidence showing Defendant attempting to deposit one or more of the checks as well as bank records showing the funds being deposited into an account belonging to a potential co-conspirator. The government also has recorded interviews with one or more of the co-conspirators. Based on the government's proffer, the Court finds the evidence against the Defendant is strong and finds probable cause Defendant engaged in the crimes alleged.

The third factor, the history and characteristics of the Defendant, also weigh in favor of detention. Unlike many defendants who are charged with misdemeanor crimes, this Defendant has quite a lengthy criminal history – a history that not only spans almost 3 decades but covers several states. This history incudes convictions for forgery, larceny, passing a worthless check, resisting arrest, possession of controlled substances, possession of a stolen vehicle, possession of the identification of another, receiving stolen property, passing a forged or altered note, defrauding a financial institution, giving false information to law enforcement, battery, and most recently, grand theft.[2] In fact, Defendant was just recently sentenced by a state court

---

[2] For purposes of this Order, the Court only included those convictions identified on the bond report with a known disposition. There were numerous other charges identified by Probation that were lodged against Defendant in California, for which the dispositions are unknown.

to 36 months' probation and was in custody until that sentence. Defendant also has a current outstanding state warrant for a battery and fraud charge from 2021.

Most notably, Defendant failed to appear for his initial appearance in this case, resulting in a warrant having to be issued. He has also failed to appear 5 other times in other cases. Additionally, the Defendant has violated his probation at least 6 times.

In addition to this criminal history, Defendant has a history of substance abuse, including being a heavy user of methamphetamines at the age of 44 until his arrest in September 2022 on state charges. More significantly, Defendant does not have a stable residence or any residence he can go to, even if released. The jail records show Defendant's address as "homeless." Nonetheless, Defendant reported that he could stay in a trailer located, where he grew up, and which belonged to his deceased grandparents. The US Probation Office, however, attempted to visit the address provided and no trailer was located. According to USPO, the address does not exist and there was no vacant trailer located anywhere near the address provided. USPO also spoke with residents near the area and none were familiar with Defendant. Instead, the area where the trailer was located appears to have been re-developed.

Defendant also offered that he could stay at a halfway house in Ft. Walton Beach, called Jada. However, all of USPO's attempts to call the facility at the public

numbers provided were unsuccessful. Therefore, it is not clear whether this facility exists any longer. Regardless, even if it is an existing facility, there is no indication Defendant would be accepted there.

The fourth factor, the seriousness of the danger to the community if Defendant is released, also weighs in favor of detention. While Defendant does not have a history of drug trafficking, committing serious violent crimes, or firearm use, the Court notes that Defendant's crimes have escalated over the years from simple theft to grand theft and as stated above, to battery. Moreover, because Defendant does not have a stable residence and no income or support, it is more likely than not that Defendant will resort to a life of crime if he is released.

Given Defendant's history of failures to appear, his history of violating probation, his substance abuse history, his history of thefts and fraud, and his lack of a viable release plan, the Court finds that Defendant should be detained as there are no conditions or combination of conditions the Court could impose that would reasonably assure the Court Defendant will not be a risk of non-appearance.

Accordingly, the Court **ORDERS** Defendant be held in the custody of the Attorney General or his designated representative pending trial in this matter. The Attorney General or his designated representative shall, to the extent practicable, confine Defendant separate from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to

consult with counsel in private while in custody. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** this 21st day of December 2023.

*s/ Hope T Cannon*
Hope T. Cannon
United States Magistrate Judge